JAMES M. FITCH et al., Respondents, v. EURA J. McCORMACK, Appellant.

**Kansas City Court of Appeals, March 4, 1912.**

DRAINAGE DISTRICTS: Petitioners: Costs: Fee Bill. Where petitioners organize a drainage district by proceeding in the circuit court as authorized by the statute (Chap. 41, R. S. 1909), the district, and not the petitioners, is liable for the court costs; and a fee bill issued against such petitioners is properly quashed; and in such proceeding against the wrong party, it is not proper to pass upon the legality of the items of costs.

Appeal from Johnson Circuit Court.—*Hon. N. M. Bradley,* Judge.

REVERSED AND REMANDED (*with directions.*)

*James A. Kemper* for appellant.

(1) Fee bill is the proper means for the enforcement of the payment of fees due circuit clerk. Page v. Bettes, 19 Mo. App. 627; Beadle v. Mead, 81 Mo. 297; Hoover v. Railroad, 115 Mo. 77; Watkins v. McDonald, 70 Mo. App. 362. (2) Fee bill has the same force and effect as an execution, and is governed by the same rules of procedure. R. S. 1909, sec. 10690. (3) An execution will not be quashed merely because it contains mistakes, or is defective, but will be amended to conform to the judgment. Warrensburg v. Simpson, 22 Mo. App. 695; 17 Cyc. 1154, note 2. (4) Petitioners were primarily liable for the costs of this proceeding and could have been required to pay them, step by step, as the services were rendered and the costs incurred. (5) This primary liability continued till a corporation was created or formed, with power and means to pay the same. R. S. 1909, sec. 5519. (6) The board of supervisors, who alone have the power to provide for such a fund, failed to

so provide, and the liability of the petitioners continued as fully as if the cause had been dismissed. R. S. 1909, sec. 5519. (7) It was the duty of the clerk to make and certify to all summonses issued upon the application of the petitioners and he was and is entitled to his fees therefor. R. S. 1909, sec. 5497.

*J. W. Suddath & Son* for respondents.

(1) The entire subject of costs in both civil and criminal cases is a matter of statutory enactment; and all such statutes must be strictly construed, and the officer or other person claiming costs which are contested, must be able to put his finger on the statute authorizing their taxation. Shed v. Railroad, 67 Mo. 687; Ring v. Paint Co., 46 Mo. App. 374; Miller v. Muegge, 27 Mo. App. 670; State v. Trust Co., 70 Mo. App. 311; Gillum v. Sisson, 53 Mo. App. 512; Ford v. Railroad, 29 Mo. App. 616. (2) Where an officer taxes costs in his own favor, he assumes the burden to make his claim good when it is challenged by motion to retax. Gillum v. Sisson, 53 Mo. App. 512; Miller v. Muegge, 27 Mo. App. 670. (3) The statute authorizing costs must be strictly construed and when a statute governing revenue or drainage provides for compensation then the general fee statute does not apply. Hubbard v. Texas Co., 101 Mo. 210; State ex rel. v. Auditor, 61 Mo. 524; Shed v. Railroad, 67 Mo. 687; Stewart v. Wofford, 116 Mo. 220. (4) When the compensation of an officer is not fixed by law at the time he renders a service, but it clearly appears that it was the intention of the law makers that he should receive a reasonable compensation to be fixed by law, until it is so fixed he is entitled to a reasonable compensation to the determined by the proper tribunal. Bohart v. Anderson, 103 Pac. 747; Ripley v. Gifford, 11 Iowa, 367; Matter of Public Parks, 27 Hun (N. Y.) 305; Kip v. Buffalo, 25 N. E. (N. Y.) 165; Handrick v. Ake, 12 S. W. (Tex.) 818.

ELLISON, J.—Plaintiffs are the petitioners who organized a drainage district under the provisions of chapter 41 of the Revised Statutes of 1909. Defendant is the clerk of the circuit court of Johnson county, Missouri, and as such clerk he issued the fee bill for costs accruing in such organization, which costs are the subject of the present controversy. The district was known as Blackwater Drainage District, and its boundaries were afterwards extended as is provided by statute. Difference also arose as to costs in the matter of extension, and found its way to this court in the case of Blackwater Drainage District v. Borgstadt, decided at the present term.

In the present case, the fee bill was quashed by the circuit court on the ground that the drainage district was liable for the costs of organization, and not the petitioners. We think the court was right in this ruling. If the petition had failed through some fault of the petitioners, it is perhaps true that they would have been liable for all proper costs. But the district was established and the statute clearly means that the costs are to be paid by the district. Thus section 5496 provides that the owners of real estate subscribing to the articles of incorporation, shall state that they are willing and that they obligate themselves to pay the "taxes which may be assessed against their respective lands," for the expenses of organization. And section 5497 provides for notice to those owners of land who do not sign, that their property will be liable to taxation for the expense of organization. These sections alone show that the district is the party liable for costs. But in addition to them, we find that section 5527 directs that all necessary court costs shall be paid by the district.

The court struck out some items of costs stated in the fee bill. This was irregular, since as the bill was issued against parties not liable, no further adjudi-

cation should have been had than the judgment quashing it for that reason.

The judgment of the circuit court will be set aside, and the cause remanded with directions to enter judgment quashing the fee bill for the reason that the parties against whom it was issued are not the parties designated by the law to pay the costs.    All concur.